530

FILED FEB 27 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name Lateef (Last) Khalif (First) N/M/I (Initial)

Prisoner Number C-52678

Institutional Address Pelican Bay State Prison, P.O. Box 7500 Crescent City, California 95532

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JW

Khalif Lateef
(Enter the full name of plaintiff in this action.)

vs.

Robert A. Horel, Warden

(Enter the full name of respondent(s) or jailor in this action)

CV 08 1159

Case No. ______
(To be provided by the clerk of court)

PETITION FOR A WRIT OF HABEAS CORPUS

Superior Ct. No. 81500

State Supreme Ct. No. S154418

(PR)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

C08-1159 JW

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition? FAILURE BY BPH TO SET PAROLE DATE WITHIN 120 DAYS AFTER ARRIVING CDCR.

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SANTA CLARA COUNTY SUPERIOR COURT, SAN JOSE

Court Location

(b) Case number, if known 81500

(c) Date and terms of sentence Sept. 1982. 25 years to life.

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes X No ____

Where?

Name of Institution: Pelican Bay State Prison

Address: P.O. Box 7500, Crescent City, California.

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

First degree murder, Penal Code 187.

3. Did you have any of the following?

Arraignment: Yes X No ___

Preliminary Hearing: Yes X No ___

Motion to Suppress: Yes X No ___

4. How did you plead?

Guilty X Not Guilty ___ Nolo Contendere ___

Any other plea (specify) NEGOTIATED PLEA BARGAIN.

5. If you went to trial, what kind of trial did you have?

Jury ___ Judge alone ___ Judge alone on a transcript ___

6. Did you testify at your trial? Yes ___ No X

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes X No ___

(b) Preliminary hearing Yes X No ___

(c) Time of plea Yes X No ___

(d) Trial Yes X No ___

(e) Sentencing Yes X No ___

(f) Appeal Yes ___ No X

(g) Other post-conviction proceeding Yes ___ No X

8. Did you appeal your conviction? Yes ___ No X

(a) If you did, to what court(s) did you appeal?

Court of Appeal Yes ___ No ___

Year: ___ Result: ___

Supreme Court of California Yes ___ No ___

Year: ___ Result: ___

Any other court Yes ___ No ___

Year: ___ Result: ___

(b) If you appealed, were the grounds the same as those that you are raising in this

petition? Yes ____ No____

(c) Was there an opinion? Yes ____ No____

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes ____ No____

If you did, give the name of the court and the result:

_______________________________________________

_______________________________________________

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes X No____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: SANTA CLARA COUNTY SUPERIOR COURT

Type of Proceeding: PETITION FOR WRIT OF HABEA CORPUS

Grounds raised (Be brief but specific):

a. THE BPH & GOVERNOR HAVE NO DISCRETION TO GRANT OR DENY PAROLE.

b. P.C. § 3041, as applied to life prisoners, is invalid .

c. ____________________

d. ____________________

Result: DENIE (See Exhibit A). Date of Result: June 22, 2007.

II. Name of Court: SUPREME COURT OF CALIFORNIA ~~supreme court of california~~

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS.

Grounds raised (Be brief but specific):

a. SAME GROUNDS RAISED IN THE SUPERIOR COURT

b. SAME GROUNDS RAISED IN THE SUPERIOR COURT

c. SUPERIOR COURT'S DENIAL OF THE PETITION VIOLATED THE STATE CONSTITUTION PROHIBITING EX POST FACTO LAWS

d. ______

Result: DENIED (See Exhibit B) Date of Result: 12/19/2007

III. Name of Court: ______

Type of Proceeding: ______

Grounds raised (Be brief but specific):

a. ______

b. ______

c. ______

d. ______

Result: ______ Date of Result: ______

IV. Name of Court: ______

Type of Proceeding: ______

Grounds raised (Be brief but specific):

a. ______

b. ______

c. ______

d. ______

Result: ______ Date of Result: ______

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ____ No X

Name and location of court: ______

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Seek judicial determination that under P.C., § 1170.2, the (SEE ATTACHED PAGE ENTITLED "CLAIM ONE CONTINUED").

Supporting Facts: According to Article 5, § 8(b) of the California Constitution, the Governor and Board of Prison Hearings ("BPH"), review (SEE ATTACHED PAGE ENTITLED "SUPPORTING FACTS CONTINUED").

Claim Two: Seek a judicial determination that, as applied to life (SEE ATTACHED PAGE ENTITLED "CLAIM TWO CONTINUED")

Supporting Facts: Article 4, § 16 of the California Constitution states: "(a) All laws of a general nature have uniform operation. (b) A local or special statute is INVALID in any case if a general statute can (SEE ATTACHED PAGE ENTITLED "SUPPORTING FACTS CONTINUED").

Claim Three: The Santa Clara County Superior Court's denial of (SEE ATTACHED PAGE ENTITLED" CLAIM THREE CONTINUED").

Supporting Facts: Petitioner was sentenced to a term of 25 years to life in September 1982, and was not taken before the BPH to have a release date fixed within 120 days pursuant to the precedence set in In re (SEE ATTACHED PAGE ENTITLED "SUPPORTING FACTS CONTINUED").

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

All grounds were previously presented to the appropriate courts.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases: In re Johnson, 166 Cal.Rptr. 84; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Olim v. Wakinekona, 461 U.S. 238, 249 (1988); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986), cert. denied 481 U.S. 1069 (1987); In re Handa, 212 Cal.Rptr. 749, 752 (1985); McCarthy v. Superior Ct., 236 Cal.Rptr. 833, 835; Mickens-Thomas v. Vaughn, 355 F.3d 294 (Ca. 3 (PA) 2004); Cal. Const., Art. 1, §§ 7 & 15, Art. 4, § 16, Art. 1, §§ 7 15, Art. 5, § 8(b), and Art. 1, § 9; U.S. Const. Amends. V & XIV, and Art. 1, § 9, Subd. 3; Cal. Penal Code as cited passim.

Do you have an attorney for this petition? Yes____ No_x__

If you do, give the name and address of your attorney:

_______________________________________________

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2008 ______________________
Date Signature of Petitioner

(Rev. 6/02)

CLAIM ONE CONTINUED:

Board of Prison Hearings and the Governor have no discretion to grant or withhold parole to prisoners, like petitioner, who were sentenced after July 1, 1977, under Penal Code, § 1170 et seq of the Determinate Sentencing Law ("DSL").

"SUPPORTING FACTS CONTINUED":

standards are subject to the same parole procedures provided by statute.

On July 1, 1977, the DSL mandated that prisoners sentenced to life terms under P.C.§ 1168 OF THE Indeterminate Sentencing Law ("ISL"), be scheduled to appear at a parole hearing within 120 days of being committed to the California Department of Corrections & Rehabilitations ("CDCR"), "and at the hearing the prisoner shall be entitled to be represented by legal counsel, [and] a release date shall be set...". See P.C., § 1170.2(b); In re Johnson, 166 Cal.Rptr. 84; Operations Manual, § 74040.10.

The "Release from prison" provision of P.C., § 1170.2(b)(e) rises to the level of a state created liberty interest that leaves the Governor and BPH with no discretion to grant or withhold parole to prisoners, including petitioner, sentenced to "ISL" terms after July 1, 1977.

Petitioner was sentenced to an "ISL" term (25 years to life), after July 1, 1977, under the "DSL". He was committed to the CDCR on or about September 1982, and was never taken before the BPH within the 120 days deadline set in the quoted sections of the penal code, and had a release date set.

"CLAIM TWO CONTINUED":

prisoners, Penal Code § 3041 is invalid under Article 4, § 16 of the California Constitution where P.C. § 1170.2 can be made applicable to "ISL" terms.

"SUPPORTING FACTS CONTINUED":

be made applicable." (Emphasis mine).

Penal Code, § 1170 is a uniform general statute. (See P.C., § 1170.3). Under 1170, et seq., the BPH is required to fix the actual release dates of lifers by the deadlines codified at P.C., § 1170.2(a)(b), and annually calculate the prisoner's good time credits from the date the life term started. Citing P.C., § 2931, CCR Title 15, § 2290, and Operations Manual 74040.7.

Penal Code, § 3041 is an amended statute defined by the California Constitution as a "LOCAL OR SPECIAL STATUTE." (Emphasis mine). As such, it is invalid.

In the mid-1980's the Board began interpreting P.C., § 3041 for the proposition that the "DSL" (P.C., § 1170.2), did not apply to prisoners serving life terms. Therefore, by the Board's reasoning, petitioner did not have a right to a release date based on a reduction of his sentence by the postconviction credits now authorized by P.C., § 2931 and CCR Title 15, § 2290.

The "Release from prison" provision of the "DSL" is applicable to petitioner's life sentence which was imposed AFTER July 1, 1977--September 1982 to be precise. For example, P.C., § 1170.2(e) states:

> "In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1168 if the felony was committed on or after July 1, 1977, the Board of Prison Terms (now the Board of Prison Hearings), shall provide for release from prison as provided for by this code."

See also In re Johnson, 166 Cal.Rptr. 84,88.

"CLAIM THREE CONTINUED":

petitioner's habeas claims on the basis of the California Supreme Court's decision in In re Dannenberg (2005) 34 Cal.4th 1061, violates petitioner's right to be free from the ex post facto application of laws, guaranteed by Article 1, § 9 of the State Constitution, and Article 1, § 9, Subdivision 3 of the Federal Constitution.

"SUPPORTING FACTS CONTINUED":

Johnson, 166 Cal.Rptr. 84, which is the law of the case and controlling standard for prisoners, like petitioner, sentenced after July 1, 1977. According to law, petitioner was supposed to have appeared before the BPH and have a release date set within 120 days of his arrival to the CDCH. See In re Johnson, supra.

In re Dannenberg (2005) 34 CAl.4th 1061, was decided in 2005, some 23 years after petitioner was sentenced, and some seven (7) years after he was finally summoned before the BPH for his minimum eligible parole consideration hearing.

The superior court's denial of petitioner's claim on the grounds of the State Supreme Court's decision in Dannenberg, is an ex post facto application of law, and violates both the State and Federal Constitutions. See also 355 F.3d 294 Mickens-Thomas v. Vaughn (Ca. 3 (PA.) 2004).

CLAIM FOUR:

Although the State Supreme Court did not tender a cite or explanation in support of its denial of petitioner's habeas claim, petitioner submits the same claims and supporting facts submitted in "Claim Three" in opposition to that Court's decision, presuming its denial is also predicated on In Re Dannenberg.

FILED

JUN 22 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY ____________ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re

LAVON HANEY,

On Habeas Corpus

No.: 81500

ORDER

This Court has received from Petitioner a petition in which he asserts the Parole Board is incorrectly interpreting and applying the statutes and law governing the setting of his parole release date. The petition is DENIED. The California Supreme Court, in *In re Dannenberg* (2005) 34 Cal.4th 1061, held the Parole Board's procedures lawful because the Board is constrained by a framework within which to exercise discretion. The court explained: "the regulations do set detailed standards and criteria for determining whether a murderer with an indeterminate life sentence is suitable for parole." (*Dannenberg* at p. 1080. See also page 1096, footnote 16: "the Board must apply detailed standards when evaluating whether



Exhibit A

an individual inmate is unsuitable for parole on public safety grounds.")

The California Supreme Court's interpretation controls over Petitioner's, and Petitioner's claims regarding custody credits are irrelevant given that he has not yet been given a parole date pursuant to *Dannenberg*, *supra*.

DATED: Jan 20, 2007

PAUL BERNAL
JUDGE OF THE SUPERIOR COURT

cc: Petitioner
Attorney General
Research (6-12A)
CJIC

**S154418**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re KHALIF LATEEF on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

DEC 1 9 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

13

Exhibit B

# PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, Khalif Lateef, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit A3 Cell Number 129, Crescent City, CA 95532-7500.

On the 20th day of ~~Jan~~ Feb, 2008, I served the following (set forth the exact title of document[s] served):

Petition For Writ of Habeas Corpus

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA 95532, and addressed as follows:

U.S. Dist. Court
Northern Dist. California
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

I declare under penalty of perjury that the foregoing is true and correct:

[signature] — Inmate Signature

~~Jan~~ Feb 20, 2008 — Date