IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIF LATEEF,<br><br>   Petitioner,<br><br>vs.<br><br>ROBERT HOREL, Warden,<br><br>   Respondent. | No. C 08-01159 JW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 2) |

Petitioner, a California prisoner at Pelican Bay State Prison in Crescent City proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the failure of the Board of Parole Hearings ("BPH") to set a parole hearing date. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2.)

**BACKGROUND**

In September 1982, petitioner plead guilty to first degree murder in Santa Clara County Superior Court and was sentenced to a term of twenty-five years-to-life in state prison. Petitioner challenges the BPH's failure to set a parole hearing date in accordance with state statutes. Petitioner filed habeas petitions in the state superior court and the state supreme court. The California Supreme Court summarily denied the petition on

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Lateef01159_osc-parole.wpd         1

1    December 19, 2007.  Petitioner filed the instant federal petition on February 27, 2008.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief, petitioner's first claim is that the BPH acted wrongfully in failing to set a parole hearing date within 120 days of his sentencing in accordance with California Penal Code § 1170.2(b).  Petitioner claims that § 1170.2(b)(e) "rises to the level of a state created liberty interest that leaves the Governor and BPH with no discretion to grant or withhold parole to prisoners, including petitioner, sentenced to [Indeterminate Sentencing Law] terms after July 1, 1977." (Pet. 8.)  Liberally construed, petitioner's claim is cognizable under § 2254 as a violation of due process.  Petitioner also alleges under claim numbers 3 and 4 that the state courts' rejection of this claim under In re Dannenberg, 34 Cal. 4th 1061 (2005), violated the Ex Post Facto Clause.  (Id. at 10.)  The Court orders respondent to show cause why the petition should not be granted on claim numbers 1, 3 and 4.

Petitioner's second claim seeking a "judicial determination that, as applied to life prisoners, Penal Code § 3041 is invalid under Article 4, § 16 of the California Constitution," (Pet. 6, 9), is DISMISSED for failure to state a claim under 28 U.S.C. § 2254(a) because this claim does not involve a violation of the Constitution or federal law.

///

**CONCLUSION**

1. Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is GRANTED.

2. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the Court and serve on petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent **within thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply **within fifteen (15) days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

1  to Federal Rule of Civil Procedure 41(b).

2

3  DATED: __August 5, 2008__            _____/s/ James Ware_____
                                        JAMES WARE
4                                       United States District Judge

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Lateef01159_osc-parole.wpd         4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KHALIF LATEEF,

        Petitioner,

v.

ROBERT A HOREL, Warden,

        Respondent.

Case Number: CV08-01159 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/6/20008 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Khalif Lateef C-52678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Dated:  8/6/2008

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk