1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  KHALIF LATEEF,                    )        No. C 08-01159 JW (PR)
                                      )
12              Petitioner,           )        ORDER DISMISSING
                                      )        PETITION FOR WRIT OF
13    vs.                             )        HABEAS CORPUS
                                      )
14  ROBERT HOREL, Warden,             )
                                      )
15              Respondent.           )
    _____ )

16

17        Petitioner, a California prisoner at Pelican Bay State Prison in Crescent City,

18  proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C.

19  § 2254, challenging the failure of the Board of Parole Hearings ("Board") to set a parole

20  hearing date and a violation of the Ex Post Facto Clause.  Respondent filed an answer.

21  Petitioner filed a traverse.  For the reasons stated below, the Court DISMISSES the

22  petition.

23                           **BACKGROUND**

24        In September 1982, petitioner pleaded guilty to first degree murder in Santa Clara

25  County Superior Court and was sentenced to a term of twenty-five years-to-life in state

26  prison.  Petitioner did not file a direct appeal.  Petitioner filed habeas petitions in the state

27  superior court and California Supreme Court.  The California Supreme Court summarily

28  denied the petition on December 19, 2007.  Petitioner filed the instant federal petition on

Order Dismissing Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.08\Lateef01159_den.wpd

1    February 27, 2008.

2                                    **DISCUSSION**

3    **A.      Standard of Review**

4            This Court will entertain a petition for a writ of habeas corpus "in behalf of a

5    person in custody pursuant to the judgment of a State court only on the ground that he is

6    in custody in violation of the Constitution or laws or treaties of the United States."  28

7    U.S.C. § 2254(a).  The petition may not be granted with respect to any claim adjudicated

8    on the merits in state court unless the state court's adjudication of the claim: "(1) resulted

9    in a decision that was contrary to, or involved an unreasonable application of, clearly

10   established federal law, as determined by the Supreme Court of the United States; or (2)

11   resulted in a decision that was based on an unreasonable determination of the facts in

12   light of the evidence presented in the State court proceeding." Id. § 2254(d).

13           "Under the 'contrary to' clause, a federal habeas court may grant the writ if the

14   state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

15   question of law or if the state court decides a case differently than [the] Court has on a set

16   of materially indistinguishable facts."  Williams (Terry) v. Taylor, 529 U.S. 362, 412-413

17   (2000).   "Under the 'reasonable application clause,' a federal habeas court may grant the

18   writ if the state court identifies the correct governing legal principle from [the] Court's

19   decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

20   at 413.

21           "[A] federal habeas court may not issue the writ simply because that court

22   concludes in its independent judgment that the relevant state-court decision applied

23   clearly established federal law erroneously or incorrectly.  Rather, that application must

24   also be unreasonable." Id. at 411.  "[A] federal habeas court making the 'unreasonable

25   application' inquiry should ask whether the state court's application of clearly established

26   federal law was 'objectively unreasonable.'" Id. at 409.

27           A federal habeas court may grant the writ if it concludes that the state court's

28   adjudication of the claim "results in a decision that was based on an unreasonable

Order Dismissing Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.08\Lateef01159_den.wpd                    2

1  determination of the facts in light of the evidence presented in the State court

2  proceeding." 28. U.S.C. § 2254(d)(2).  The court must presume correct any determination

3  of a factual issue made by a state court unless the petitioner rebuts the presumption of

4  correctness by clear and convincing evidence.  28. U.S.C. § 2254(e)(1).

5  **B.      Petitioner's Claims**

6          Petitioner first claims that his due process right was violated because the Board

7  acted wrongfully in failing to set a parole hearing date within 120 days of his arrival in

8  state prison in accordance with California Penal Code § 1170.2(b).  Petitioner further

9  claims that § 1170.2(e) "rises to the level of a state created liberty interest that leaves the

10  Governor and [Board] with no discretion to grant or withhold parole to prisoners,

11  including petitioner, sentenced to [Indeterminate Sentencing Law] terms after July 1,

12  1977."  (Pet. 8.)

13          This claim is untimely.  The Antiterrorism and Effective Death Penalty Act of

14  1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a

15  statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.

16  Petitions filed by prisoners challenging non-capital state convictions or sentences must be

17  filed within one year of the latest of the date on which:  (A) the judgment became final

18  after the conclusion of direct review or the time passed for seeking direct review; (B) an

19  impediment to filing an application created by unconstitutional state action was removed,

20  if such action prevented petitioner from filing; (C) the constitutional right asserted was

21  recognized by the Supreme Court, if the right was newly recognized by the Supreme

22  Court and made retroactive to cases on collateral review; or (D) the factual predicate of

23  the claim could have been discovered through the exercise of due diligence.  28 U.S.C. §

24  2244(d)(1).  Time during which a properly filed application for state post-conviction or

25  other collateral review is pending is excluded from the one-year time limit. Id. §

26  2244(d)(2).

27          The AEDPA's one-year time limit did not begin to run against any state prisoner

28  before the date of the Act's enactment.  Calderon v. United States District Court (Beeler),

Order Dismissing Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.08\Lateef01159_den.wpd                    3

1   128 F.3d 1283, 1287 (9th Cir. 1997), <u>overruled in part on other grounds by</u> <u>Calderon v.</u>

2   <u>United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc).  A prisoner

3   with a state conviction finalized before April 24, 1996, therefore had until April 24, 1997,

4   to file a federal habeas petition on time.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th

5   Cir. 2001).

6          Here, Petitioner did not file a direct appeal and his conviction became final prior to

7   the enactment of the AEDPA.  Accordingly, he had until April 24, 1997 to file his federal

8   habeas petition on time.  <u>Id.</u>  Petitioner did not file the instant petition until February 27,

9   2008.  He is not entitled to statutory tolling because he did initiate any state habeas

10  petitions exhausting his underlying claims until June 12, 2007, (Resp. Ans. Ex. 1), more

11  than ten years after the statute of limitation ran.  <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d

12  820, 823 (9th Cir. 2003).  And the only explanation Petitioner gives in support of

13  equitable tolling is that he "was made aware of these laws and violations in June 2007."

14  (Traverse at 10.)  "[A] litigant seeking equitable tolling bears the burden of establishing

15  two elements:  (1) that he has been pursuing his rights diligently, and (2) that some

16  extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418

17  (2005).  Petitioner does not establish either prong and, therefore, is not entitled to

18  equitable tolling.  Accordingly, the Court DISMISSES this claim as untimely.

19         Alternatively, the Court denies this claim on the merits.  California Penal Code

20  section 1170.2[1] relates to sentencing for certain felonies committed prior to July 1, 1977,

21  the date the Determinate Sentencing Law ("DSL")  was enacted.  On that date, the DSL

22  replaced the Indeterminate Sentencing Law ("ISL") for most California felonies.  The

23  DSL prescribes sentences of a set duration for each crime.

24         Section 1170.2(a) and (b) describe how the Board should determine a term of

25  imprisonment for those inmates who committed felonies prior to the enactment of the

26  DSL.  Section 1170.2(a) provides that the Board convert indeterminate sentences to

27  ───────────────

28         [1] All further statutory references are to the California Penal Code unless otherwise
    indicated.

1 determinate sentences under the new law where applicable, and section 1170.2(b) sets

2 forth steps on how and when to calculate a parole release date.  Section 1170.2(b) states

3 that after the Board re-calculates a prisoner's sentence under the DSL, the Board shall

4 establish a parole date unless it is determined that the prisoner should serve a longer term

5 than that which was re-calculated.  If the Board makes that determination, the prisoner

6 shall have a hearing either prior to October 1, 1978, or within 120 days of the date he

7 arrives in prison.  Altogether, section 1170.2 authorizes the Board to re-calculate an

8 inmate's ISL term into a DSL term for most felonies in order to afford the inmate an

9 earlier release when a sentence under the DSL would have expired prior to an ISL release

10 date.  See In re Olson, 149 Cal. App. 4th 790, 793 (2007).

11 　　　　Here, section 1170.2(b) is inapplicable to Petitioner because although he was

12 sentenced after July 1, 1977, he did not commit the underlying crime prior to that date,[2] as

13 the statute requires.  See Cal. Penal Code § 1170.2(a) ("In the case of any inmate who

14 committed a felony prior to July 1, 1977 . . .").  Further, even if Petitioner committed his

15 crime prior to July 1, 1977, the statute is still inapplicable to Petitioner because a sentence

16 for first degree murder was an indeterminate term both before and after the enactment of

17 the DSL, see People v. Felix, 22 Cal. 4th 651, 654 (2000) (recognizing that after the DSL,

18 "[s]ome crimes, however, remain punishable by imprisonment for either some number of

19 years to life, or simply life.") (internal quotation omitted); In re Monigold, 139 Cal. App.

20 3d 485, 490 (1983), and therefore, the re-calculation provision of 1170.2 is irrelevant to

21 Petitioner.

22 　　　　Petitioner also argues that section 1170.2(e) created a liberty interest which

23 requires the Board to release him on a date certain.  The Court disagrees.  Section

24 1170.2(e) states, "In the case of any inmate who committed a felony prior to July 1, 1977,

25

26 　　　　――――――――――――――――

27 　　　[2] Neither Petitioner nor Respondent relay any factual background of Petitioner's crime.
That is, neither party notes the date on which Petitioner committed his crime.  However, because
Petitioner entered into a negotiated plea bargain and was sentenced to first degree murder in
28 September 1982, the Court assumes Petitioner's crime was committed after 1977.

1   who would have been sentenced under Section 1168 if the felony was committed on or

2   after July 1, 1977, the Board of Prison Terms shall provide for release from prison as

3   provided for by this code."  Section 1168 states that every person who commits a crime

4   that provides for three time periods of imprisonment shall be sentenced under a fixed

5   term, i.e., section 1170 et seq., while all other people are not entitled to have their terms

6   of imprisonment fixed.

7          Again, even assuming that Petitioner committed his crime prior to July 1, 1977,

8   Petitioner is not entitled to have a date certain upon which he will be released; rather, the

9   Board shall determine when release is appropriate.  See In re Monigold, 139 Cal. App. 3d

10  at 491 (explaining the distinction between those inmates sentenced to determinate

11  sentencing from those sentenced to indeterminate sentencing by stating, "Prisoners

12  sentenced to determinate terms had a date certain upon which they would be released,

13  while those sentenced to indeterminate terms were to be released on parole when the

14  Board of Prison Terms determined that release was appropriate"); see also In re

15  Stanworth, 33 Cal. 3d 176, 183 (1982) (stating that the ISL and DSL did not change the

16  setting of a parole date for those inmates sentenced to a life sentence because under both

17  schemes, a prisoner must first be found suitable for parole before a parole date could be

18  set).  Accordingly, Petitioner's due process claim fails.

19          Petitioner also alleges that the state courts' rejection of this claim in his state

20  habeas petition violated the Ex Post Facto Clause because they improperly relied upon In

21  re Dannenberg, 34 Cal. 4th 1061 (2005).  Although the Court initially found that, liberally

22  construed, Petitioner stated a claim for relief, after further consideration and review of the

23  underlying pleadings, the Court now reconsiders and concludes that "[e]rrors in the state

24  post-conviction review process [are] not addressable through federal habeas corpus

25  proceedings."  See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  Such errors

26  generally are not an attack on the prisoner's detention and therefore are not cognizable for

27  federal habeas relief.  Cf. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (per

28  curiam).  Accordingly, the Court DISMISSES this claim for failure to state a cognizable

1  claim for relief.

2      Alternatively, even if this was a cognizable claim, the Ex Post Facto Clause is

3  inapplicable.  The Ninth Circuit requires that the challenged state action under the Ex

4  Post Facto Clause be a "law."  See Nulph v. Faatz, 27 F.3d 451, 455 (9th Cir. 1994).

5  Parole rules and regulations are considered "laws" for purposes of the Ex Post Facto

6  Clause.  See id.  Here, the state court's reliance on Dannenberg does not violate the Ex

7  Post Facto Clause because Dannenberg is not a "law."

8      In addition, while the Ex Post Facto Clause forbids the states from enhancing the

9  measure of punishment by significantly reducing a prisoner's opportunity to shorten his

10  prison term by altering the formula used to calculate parole eligibility or suitability, see

11  Weaver v. Maas, 53 F.3d 956, 959, 960 n.5 (9th Cir. 1995), the guidelines under both

12  DSL and the ISL require consideration of the same criteria for determination of parole

13  suitability.  See Connor v. Estelle, 981 F.2d 1032, 1033-34 (9th Cir. 1992) (per curiam).

14  A change that does not disadvantage the prisoner does not violate the Ex Post Facto

15  Clause.  Because the California Supreme Court has held that "a prisoner sentenced under

16  the ISL is entitled to have his release date calculated under either the ISL or DSL

17  procedure, whichever is more beneficial," Petitioner cannot and does not show that he

18  was disadvantaged.  Id.; In re Stanworth, 33 Cal. 3d at 183 (stating that prisoners

19  sentenced to life had to be found suitable for parole prior a release date being set).

**CONCLUSION**

21      For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

23  DATED: ___November 19, 2009 __                _____
                                                 JAMES WARE
24                                               United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KHALIF LATEEF,

                Plaintiff,

  v.

ROBERT A HOREL, Warden,

                Defendant.

                             /

Case Number: CV08-01159 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   11/23/2009  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Khalif Lateef C-52678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Dated:    11/23/2009

                             Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk